# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GABRIEL MCNAB,**

    **Plaintiff,**

v.                                                                    CASE NO.:

**PROTEIN DEPOT COMPANY**
**and PLATO ROSINKE,**
**an individual,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GABRIEL MCNAB, by and through undersigned counsel, brings this action against Defendant, PROTEIN DEPOT COMPANY and PLATO ROSINKE, an individual, ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pasco County, Florida.

## **PARTIES**

4. Plaintiff Depot is a resident of Pinellas County, Florida.

5. Defendant Protein Depot operates a nutrition company in Odessa, in Pasco County, Florida.

6. Defendant Rosinke owns and operates Defendant Protein Depot.

## **GENERAL ALLEGATIONS**

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendants continue to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

## FACTS

16. Plaintiff began working for Defendants as a laborer in March 2020, and he worked in this capacity until November 2020.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. In or around November 2020, Plaintiff objected to not being paid in accordance with the FLSA.

20. Defendants retaliated against Plaintiff for requesting to be paid in accordance with the FLSA by terminating his employment.

21. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

   b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

   c) An equal amount to Plaintiff's overtime damages as liquidated damages;

   d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

   e) A declaratory judgment that Defendants practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

   f) All costs and attorney's fees incurred in prosecuting these claims; and

   g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA RETALIATION**

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

27. By complaining about unpaid overtime wages, Plaintiff engaged in protected activity under the FLSA.

28. By terminating Plaintiffs employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. Plaintiff was injured by Defendants' violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of May, 2021.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number: 0053643
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: (813) 379-2565
                Facsimile: 813-229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorneys for Plaintiff**